IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNION UNIVERSITY,

    Plaintiff,

v.                                                                                                                   No. 1:20-cv-01254-JDB-jay

EVANSTON INSURANCE CO.,

    Defendant.
_____

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY
_____

In its complaint in this matter, as amended, the Plaintiff, Union University ("Union"), has alleged against the Defendant, Evanston Insurance Co. ("Evanston"), claims of bad faith pursuant to Tennessee Code Annotated § 56-7-105 and breach of contract under Tennessee law. (Docket Entry ("D.E.") 1, 19, 48.) The scheduling order set the discovery deadline as September 28, 2021. (D.E. 17.) On September 14, 2021, the Court granted the parties' consent motion to extend the discovery deadline to October 4, 2021, to allow for the deposition of Molly Wright. (D.E. 53.) In an order entered February 19, 2022, the Court ruled on the parties' cross-motions for summary judgment, denying Plaintiff's motion and denying in part, granting in part, and holding in abeyance in part that filed by Defendant. (D.E. 84.) Among other things, the order held in abeyance until trial Evanston's dispositive motion on Plaintiff's bad faith claim. Trial is currently set for January 9, 2023. (D.E. 101.) Pending on the Court's docket is Union's September 6, 2022, motion to reopen discovery for the limited purpose of obtaining information from Evanston concerning its insurance examinations as well as documentation showing profits, losses, assets, and liabilities. (D.E. 104.) Plaintiff intends to utilize the evidence at trial to assist the jury in determining the

amount of punitive damages, if any, movant should receive. Defendant has responded to the motion, opposing the relief sought. (D.E. 105.)

Under Rule 16 of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party requests a reopening of discovery, certain factors should be considered: "[w]hether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery." *Smigelski v. Cluley*, Civil Action 2:20-cv-4812, 2022 WL 3584354, at *1 (S.D. Ohio Aug. 22, 2022). "Good cause exists when a deadline cannot reasonably be met despite the diligence of the party seeking [relief]." *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, Master File No 5:18-md-2809-KKC, 2022 WL 3050665, at *5 (E.D. Ky. Aug. 2, 2022) (internal quotation marks omitted). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Malone v. Shelby Cty., Tenn.*, No. 21-5246, 2021 WL 7540285, at *4 (6th Cir. Dec. 10, 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); *see also Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) ("[T]he overarching inquiry . . . is whether the moving party was diligent in pursuing discovery".). The district courts enjoy broad discretion in determining whether to reopen discovery. *Glowgower v. Bybee-Fields*, Civil Action No. 3:21-CV-00012-EBA, 2022 WL 4042412, at *11 (E.D. Ky. Sept. 2, 2022).

Discovery in this case has been closed for almost a year. In written discovery served January 6, 2021, Union submitted the following request to Evanston:

> As relevant to the claim for punitive damages, please produce Defendant's 2017, 2018, 2019 and 2020 annual financial statements or such other documents that summarize Defendant's net worth, annual profit and loss, and financial condition.

(D.E. 105-1 at PageID 3224.)  Although Defendant objected to the request in its February 26, 2021, responses thereto on various grounds, including overbreadth and burdensomeness (*id.* at PageID 3225), Plaintiff never moved for an order compelling production.  Nor did Union seek or take the deposition of any corporate representative of Evanston.  In its December 9, 2021, response to Defendant's motion for summary judgment as to the bad faith claim, Plaintiff never suggested that additional discovery was necessary.  In its pretrial exhibit list filed January 28, 2022, Union failed to make any mention of documents relating to punitive damages or the financial condition of Evanston, or a need for additional discovery with respect to any such materials.  On March 2, 2022, the Court held an in-person status conference during which it issued rulings on numerous motions, including denial of Defendant's motion to bifurcate the trial proceedings related to bad faith and punitive damages and to limit introduction of bad faith and punitive damages evidence during the assessment of coverage.  (D.E. 101.)  The Court does not recall, and the Plaintiff fails to cite to, any mention of a need for additional discovery during that conference.  Attached to Evanston's response to the instant motion is an email chain reflecting that, on March 7, 2022, Union's counsel, Jonathan Stewart, advised Defendant's attorney, Jeffrey Nicoson, that he had pulled annual reports for Markel Service, Incorporated ("Markel"), the claim service manager for Evanston and not a party to this case, for use in the punitive damages phase of trial.  (D.E. 105-2 at PageID 3228.)  Stewart stated that, since he could not locate Evanston's reports, he intended to use Markel's instead.  (*Id.*)  Nicoson responded the following day, informing Stewart that no Evanston-specific financial documents would be forthcoming, as discovery had closed.  (*Id.*)  According to the Defendant, the issue was not raised again until the instant motion was filed six months later.

In considering the procedural history of this case as recounted above, it is clear to the Court that the problem of which Union now complains is one of its own making. The movant offers no explanation whatever for its neglect and/or lack of diligence in attempting to obtain the discovery sooner. As diligence lies at the core of the Rule 16(b)(4) standard, the Court cannot find that good cause has been demonstrated. *See Diamond Transp. Logistics, Inc. v. Kroger Co.*, Civil Action 2:19-cv-5448, 2022 WL 1089650, at \*\*2-3 (S.D. Ohio Apr. 11, 2022) (where party seeking modification of case schedule offered no explanation as to why it was unable to meet the established deadline, it failed to meet Rule 16(b)'s good cause diligence requirement).

The Court further finds that Evanston would suffer at least some prejudice if discovery were reopened. *See Needler v. Coca-Cola Refreshments USA, Inc.*, Civil Action No. 3:13-CV-781-CRS, 2014 WL 8275991, at \*3 (W.D. Ky. Nov. 19, 2014) ("While prejudice is a factor to be considered, it is not a controlling one. The party that fails to show good cause will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order."). Defendant would have to incur costs associated with production of the documents sought, some of which did not appear to be part of the January 2021 request objected to and, therefore, may not have been anticipated. Moreover, the claim on which additional discovery is sought has been briefed on summary judgment. *See Johnson v. Cathers*, Criminal Action No. 19-258-DLB-EBA, 2022 WL 576401, at \*3 (E.D. Ky. Feb. 25, 2022) (defendant would be "severely prejudice[d]" if the court permitted discovery to be reopened as he had already filed and briefed his motion for summary judgment), *appeal filed* (6th Cir. Mar. 30, 2022) (No. 22-5246); *Williams v. Defenders Inc.*, No. 2:19-cv-02567-SMH/cgc, 2021 WL 4896581, at \*5 (W.D. Tenn. Oct. 20, 2021) (reopening of discovery prejudicial where

nonmovant had already filed a motion for summary judgment believing discovery was complete).

Finally, a reopening of discovery would likely require a resetting of trial.

    For these reasons, the motion is DENIED.

    IT IS SO ORDERED this 22nd day of September 2022.

                                                <u>s/ J. DANIEL BREEN</u>
                                                UNITED STATES DISTRICT JUDGE